FILED

03/03/2021

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 29, 2020 Session

**STATE OF TENNESSEE v. GARY WAYNE BUNCH**

**Appeal from the Criminal Court for Campbell County**
**No. 17356 E. Shayne Sexton, Judge**

_____

**No. E2019-00300-CCA-R3-CD**

_____

TIMOTHY L. EASTER, J, concurring.

I concur fully with the conclusion reached by the majority that there was evidence to support the trial court's decision to revoke Defendant's probation and to order Defendant to serve the balance of his original sentence in incarceration. I write separately to affirm my belief expressed in my concurring opinion in *State v. Craig Dagnan*, No. M2020-00152-CCA-R3-CD, 2021WL 289010, at *3 (Tenn. Crim. App. Jan. 28, 2021), *perm. app. filed*, that once a determination is made that a defendant has violated the conditions of his or her probation, neither an additional hearing nor any additional findings are statutorily mandated of a trial court to determine the manner in which the original sentence should be served. Thus, there is no opportunity for an abuse of discretion when a "second exercise of discretion" is not required by either sections 40-35-310 or 40-35-311 of Tennessee Code Annotated.

As stated in *Craig Dagnan*, I do not mean to suggest that a trial court has unfettered discretion to do as he or she pleases after a probation violation is found. Furthermore, I am aware that the practice of having an additional hearing to assist the trial court in reaching the ends of justice is commonplace in Tennessee trial courts. I do not believe such inquisition is wrong or ill-advised. Every circumstance is different and every defendant's achievements and failures are noteworthy. I simply just do not see that the statutes mandate such an additional hearing.

_____
TIMOTHY L. EASTER, JUDGE